**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**SEAN POMEROY,**

       **Plaintiff,**

**v.**                                    **Case No.:**

**WASHLAVA, INC.,**
**a Delaware corporation and**
**TODD BELVEAL, an individual,**

       **Defendants.**
_____/

## COMPLAINT

1.    Plaintiff, SEAN POMEROY ("Plaintiff"), an individual, brings the following actions against WASHLAVA, INC., a Delaware corporation ("Washlava"), and TODD BELVEAL, an individual ("Belveal") (collectively referred to as "Defendants") and states:

## GENERAL ALLEGATIONS

2.    This is an action based on a federal question: a claim for unpaid overtime and retaliation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., as well as supplemental claims under Florida law for breach of contract for wages, for which this Court has jurisdiction pursuant to 28 U.S.C. § 1367.

3.    Plaintiff resides in Hillsborough County, Florida.

4.    Defendant Washlava, is a Delaware corporation with its principal place of business in Tampa, Florida.

5.    Defendant Belveal is the owner and President of Defendant Washlava.

6.     Upon information and belief, Defendant Belveal usurped the assets of Defendant Washlava personal use, engaged in waste of Washlava assets, and/or wrongfully and distributed Washlava assets without proper consideration for creditors such as Plaintiff, and as a result, Defendant Belveal should be held personally liable to Plaintiff for damages attributable to Defendant Washlava.

7.     Plaintiff was employed by Defendant Washlava as a full time exempt employee from January 15, 2020 to September 1, 2020, and performed his duties in Hillsborough County, within the jurisdiction of this Court.

8.     At all times relevant to this Complaint, Plaintiff was employed by Defendant Washlava as Managing Director at a rate of $4,166.67 per week or $200,000.00 per year, in addition to a bonus based on his sales to various colleges throughout the United States.

## COUNT 1:
## VIOLATION OF FAIR LABOR STANDARDS ACT

9.     Plaintiff re-alleges paragraphs 1 through 8 of this Complaint.

10.     This is a civil action for relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA"), and brought to recover minimum wage, overtime compensation, liquidated damages, costs, and reasonable attorneys' fees.

11.     Defendant Washlava is a covered enterprise under the FLSA.

12.     Defendant Belveal is the owner, shareholder, and officer of Defendant Washlava with operational control and he acted directly in the interests of Washlava in relation to Plaintiff's employment, and served as Plaintiff's direct supervisor.

13.     As a result, Defendant Belveal meets the FLSA definition of "employer", and Defendant Belveal is jointly and severally liable under the FLSA for Plaintiff's damages.

14.     At all times relevant to this Complaint, Defendants owned and operated a business engaged in commerce as defined in the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

15.     Defendants operated a business that hired employees to procure commercial laundry equipment, design and install technology for control and payment via a smart phone app, sold the commercial laundry equipment to various colleges and other entities throughout the United States, and solicited investors throughout the United States.

16.     Defendants procured equipment from LG Electronics based in New Jersey, Defendants rented a facility in Tennessee for storage of the purchased equipment, and Defendants sold such equipment to multiple universities including Georgia Tech University, Eastern Illinois University, University of Iowa, Monmouth University, and the Massachusetts Institute of Technology.

17.     Upon knowledge and belief, Defendant Washlava's annual sales revenue from its clients exceeded $500,000.00.

18.     At all times relevant to this Complaint, Defendant Washlava had multiple employees who regularly sold, handled, or otherwise worked on materials that had been moved in or produced for commerce.

19.     In the alternative, Plaintiff is a covered individual under the FLSA.

20.     At all times relevant to this Complaint, Plaintiff regularly sold, handled, or otherwise worked on materials that had been moved in or produced for commerce.

21.     At all times relevant to this Complaint, Plaintiff directly participated in the sale of  1200 commercial laundry units to Georgia Tech University, Eastern Illinois University, and

University of Iowa, and Plaintiff sourced and/or solicited out of state entities for purposes of investment in Defendant Washlava.

22.     The activities described above were Plaintiff's primary job responsibility and Plaintiff performed these activities regularly at all times relevant to this Complaint.

23.     During employment with Defendants, Plaintiff was employed as an exempt Managing Director, at a regular rate of $4,166.67 per week, and Plaintiff regularly worked in excess of 40 hours.

24.     In 2020, Defendants failed to pay Plaintiff any wages for 17 work weeks from May 4, 2020 to August 24, 2020.

25.     During those weeks, Plaintiff did not receive the required minimum salary for an exempt employee, as defined in Section 13(a)(1) of the FLSA and 29 C.F.R. Part 541.

26.     During those weeks, because Plaintiff did not receive the required salary for an exempt employee, Plaintiff's job was non-exempt.

27.     During those weeks, Plaintiff did not receive overtime compensation equal to one and one-half of his regular rate of pay for all hours worked in excess of forty (40) hours.

28.     Furthermore, Plaintiff did not earn at least minimum wage for the weeks in which he did not receive any payment for the hours he worked.

29.     All records, if any, concerning the number of hours and compensation paid to Plaintiff are in the possession and custody of Defendants.

30.     Defendants sent Plaintiff a several letters stating that they were intentionally holding back Plaintiff's pay.  *See Exhibits A and B attached.*

31.    On August 31, 2020, Plaintiff complained to Defendant Belveal that he had not received payment of wages in several months, and informed Defendant Belveal that he was not able to continue working without wages.

32.    Defendants terminated Plaintiff the very next day.

33.    Because Defendants' actions were intentional, willful and unlawful, their failure to pay Plaintiff constitutes bad faith and Plaintiff is entitled to liquidated damages in an amount equal to minimum wage and overtime owed by Defendants in addition to his regular rate.

34.    Plaintiff is owed wages and liquidated damages as follows:

| Week | Hours Worked | Regular Wages Owed | Overtime Wages Owed | Total Wages Owed | Liquidated Damages Minimum Wage | Liquidated Damages Overtime | Total Liquidated Damages |
|------|------|------|------|------|------|------|------|
| May 4 | 55 | $4,166.67 | $568.20 | $4,734.87 | $342.40 | $568.20 | $910.60 |
| May 11 | 50 | $4,166.67 | $416.70 | $4,583.37 | $342.40 | $416.70 | $759.10 |
| May 18 | 60 | $4,166.67 | $694.40 | $4,861.07 | $342.40 | $694.40 | $1,036.80 |
| May 25 | 50 | $4,166.67 | $416.70 | $4,583.37 | $342.40 | $416.70 | $759.10 |
| June 1 | 65 | $4,166.67 | $801.25 | $4,967.92 | $342.40 | $801.25 | $1,143.65 |
| June 8 | 45 | $4,166.67 | $231.50 | $4,398.17 | $342.40 | $231.50 | $573.70 |
| June 15 | 50 | $4,166.67 | $416.70 | $4,583.37 | $342.40 | $416.70 | $759.10 |
| June 22 | 40 | $4,166.67 | 0 | $4,166.67 | $342.40 | 0 | $342.40 |
| June 29 | 40 | $4,166.67 | 0 | $4,166.67 | $342.40 | 0 | $342.40 |
| July 6 | 40 | $4,166.67 | 0 | $4,166.67 | $342.40 | 0 | $342.40 |
| July 13 | 55 | $4,166.67 | $568.20 | $4,734.87 | $342.40 | $568.20 | $910.60 |
| July 20 | 40 | $4,166.67 | 0 | $4,166.67 | $342.40 | 0 | $342.40 |
| July 27 | 45 | $4,166.67 | $231.50 | $4,398.17 | $342.40 | $231.50 | $573.70 |

| August 3 | 40 | $4,166.67 | 0 | $4,166.67 | $342.40 | 0 | $342.40 |
|---|---|---|---|---|---|---|---|
| August 10 | 50 | $4,166.67 | $416.70 | $4,583.37 | $342.40 | $416.70 | $759.10 |
| August 17 | 55 | $4,166.67 | $568.20 | $4,734.87 | $342.40 | $568.20 | $910.60 |
| August 24 | 60 | $4,166.67 | $694.40 | $4,861.07 | $342.40 | $694.40 | $1,036.80 |
| **Total** | | $70,833.39 | $6,024.45 | **$76,857.84** | $5,820.80 | $6,024.45 | **$11,845.25** |

35.    Defendants failed to pay Plaintiff for 17 weeks of work at Plaintiff's regular rate, or 680 hours, and Defendants failed to pay Plaintiff for approximately 160 hours of overtime.

36.    In total, Defendants owe Plaintiff $76,857.84 in unpaid wages and overtime.

37.    In total, Plaintiff is entitled to $11,845.25 in liquidated damages.

38.    Plaintiff retained the undersigned attorney to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiff, SEAN POMEROY demands judgment against DEFENDANTS, WASHLAVA, INC., AND TODD BELVEAL for the payment of all hours worked during the relevant period, including back wages, overtime hours at one and one-half times his regular rate of pay, liquidated damages, pre and post judgment interest, and reasonable attorneys' fees and costs of suit, and any further relief this Court deems appropriate.

## COUNT II:
## BREACH OF CONTRACT FOR WAGES

39.    Plaintiff re-alleges paragraphs 1 through 38 of this Complaint.

40.    This is a supplemental claim for breach of contract under Florida law.

41.    Jurisdiction is proper for this supplemental claim under 28 U.S.C. § 1367.

42.     Defendant Belveal, as owner and President Defendant Washlava, and on behalf of Defendant Washlava, promised and/or agreed to pay Plaintiff $200,000.00 per year for all hours he worked, and promised and/or agreed to pay Plaintiff a $20.00 bonus for each laundry unit he sold to colleges throughout the United States.

43.     Defendant Belveal also promised and/or agreed that Defendants would reimburse Plaintiff for all of his job related travel expenses.

44.     Plaintiff relied on Defendants' implied promise that Plaintiff would be compensated in compliance with both federal and Florida law.

45.     Based on these promises, Plaintiff worked for Defendants as agreed.

46.     Defendants' breached their contract with and/or promise to Plaintiff by failing to pay Plaintiff the wages he was promised for 17 weeks of work.

47.     Defendants' breached their contract with and/or promise to Plaintiff by failing to pay Plaintiff a $24,000.00 bonus he earned by selling 1200 laundry units to various universities

48.     Defendants' breached their contract with and/or promise to Plaintiff by failing to reimburse Plaintiff for $2,000.00 in job related travel expenses.

49.     Plaintiff suffered damages as a result of Defendants' breach of their agreement to compensate Plaintiff including 17 weeks of lost wages as described above, lost bonus funds in the amount of $24,000.00, and lost travel expense reimbursement in the amount of $2,000.00.

50.     In the alternative, Plaintiff relied on Defendants' promises to his detriment and Plaintiff should receive the damages noted above via quantum meruit and/or quasi-contract, and it would be unjust for Defendants to withhold wages, bonus, and expense reimbursement after enjoying the efforts and proceeds of Plaintiff's work.

WHEREFORE, Plaintiff, SEAN POMEROY, demands judgment against Defendants, WASHLAVA, INC., AND TODD BELVEAL, for damages including unpaid wages, lost bonus income, lost travel expense reimbursement, pre and post judgment interest, reasonable attorneys' fees and costs of suit, and any other relief this Court deems appropriate.

**COUNT III:**
**UNPAID WAGES UNDER FLORIDA STATUTE 448.08**

51.     Plaintiff re-alleges paragraphs 1 to 50 of this Complaint

52.     This is a supplemental claim for unpaid wages under Florida law.

53.     Jurisdiction is proper for this supplemental claim under 28 U.S.C. § 1367.

54.     In addition to weekly regular pay, Plaintiff was entitled to a bonus of $20.00 for each individual laundry unit sold to various colleges, and Plaintiff sold 1200 units.

55.     Because Florida law construes bonuses as wages, Plaintiff is entitled to an additional $24,000.00 in wages from Defendants.

56.     Florida Statute § 448.08 provides that an employee may sue his employer for unpaid wages, and if he is successful, the employee is entitled to costs of the action in addition to reasonable attorneys' fees.

57.     Plaintiff asserts the Florida law claims as a companion to the FLSA violation because while the FLSA provides for recovery of minimum wage, Florida law permits recovery of Plaintiff's full regular hourly rate as well as the bonus based on Plaintiff's sales.

58.     Count I of this Complaint is an action for violation of the FLSA, and Count III of this Complaint is an action for detrimental reliance on promise to pay wages, both of which constitute the civil actions for unpaid wages required by Florida Statute § 448.08.

59.     Plaintiff retained the undersigned attorney to represent him in this action.

WHEREFORE, Plaintiff, SEAN POMEROY, demands judgment against Defendant, WASHLAVA, INC., for damages including unpaid wages, pre and post judgment interest, reasonable attorneys' fees and costs of suit, and any other relief this Court deems appropriate.

## COUNT IV:
## FLSA RETALIATION

60.     Plaintiff re-alleges paragraphs 1 through 38 of this Complaint.

61.     Defendants deferred Plaintiff's wages for several months but continued to assert that would pay Plaintiff his wages, on or before September 1, 2020.

62.     On August 31, 2020, Plaintiff complained to Defendant Belveal that he had not received payment of wages in several months, he informed Defendant Belveal that it was unlawful for Defendants to require him to continue working without wages, and Defendant Belveal informed Plaintiff that he would not receive his wages as agreed.

63.     Defendant Belveal terminated Plaintiff the very next day and stated that after that conversation with Plaintiff, he realized that he and Plaintiff could no longer work together.

64.     § 216(b) and § 215(a)(3) of the FLSA make it unlawful for any employer to terminate an employee for complaining about and/or reporting wage and overtime violations.

65.     Defendants terminated Plaintiff without notice in the middle of the Covid-19 pandemic, after withholding his wages for 17 weeks, knowing that Plaintiff had a family and he had already suffered financial hardship due to Defendants' withholding of wages.

66.     Plaintiff was not even eligible for unemployment during the period he did not receive any wages because he was still actively employed by Defendants, and Defendants knew Plaintiff would have difficulty finding immediate employment due to the Covid-19 pandemic.

67.     Plaintiff has suffered emotional distress and mental anguish due to Defendants' willful, outrageous, and retaliatory actions, and such damages are recoverable in FLSA retaliation claims.

68.     The goal of the FLSA damages provision is to attempt to put Plaintiff in the same place he would have been absent Defendants' misconduct, and allows Plaintiff to recover both economic and compensatory damages.

**WHEREFORE,** Plaintiff, SEAN POMEROY, demands judgment against Defendants, WASHLAVA, INC., AND TODD BELVEAL, for economic damages including lost wages, lost bonus income, lost travel expense reimbursement, costs and attorneys' fees, liquidated damages, pre and post judgment interest, and compensatory damages for mental anguish and emotional distress caused by Plaintiff's termination, and any other relief this Court deems appropriate.

Respectfully submitted on September 16, 2020.

/s/ Kimberly Isner Monticello
KIMBERLY ISNER MONTICELLO
Florida Bar No.: 056069
Trial Counsel
Monticello Law Firm, PA.
2202 N. Westshore Blvd., Suite 200
Tampa, Florida 33607
Telephone: (813) 367-3677
Facsimile: (855) 767-5734
kim@monticellolawfirm.com
Attorney for Plaintiff, Sean Pomeroy

DocuSign Envelope ID: 7FBF28D3-0277-47F7-AB5B-9FABD473E54A



May 1, 2020

11819 N Armenia Avenue
Tampa, FL 33612

VIA EMAIL
sean@washlava.com

Dear Sean:

Under the terms of your W-2 employment, the Company pays you fixed
compensation of $16,667 per month (the <u>"Base Compensation"</u>). You agree to defer
Base Compensation for 30 days, on the following terms and conditions:

With respect to the Base Compensation earned after the date you execute this
letter agreement (as indicated below) through the Payment Date, you hereby
irrevocably elect to defer payment of 100% of such Base Compensation (the
<u>"Deferred Compensation"</u>) until the Payment Date, as defined below.

The Company will pay the aggregate Deferred Compensation on June 1. 2020. An
incentive for the 30-day deferral will also be provided:

<u>Issuance of new equity:</u> As you have received Common Stock options as part of
your total compensation, options equivalent to 0.50% ownership in Washlava, Inc.
will be granted, subject to customary vesting over 48 months.

Please confirm your agreement to the foregoing by signing this letter where
indicated below.

Sincerely,

Washlava, Inc.

By: _____
Name: Todd Belveal
Title:   Chief Executive Officer

Agreed to and accepted effective 5/13/2020 _____, 2020:

Sean Pomeroy
Print Name: Sean Pomeroy

11819 North Armenia Avenue | Tampa, FL 33612
washlava.com                                                                          1

EXHIBIT A TO COMPLAINT

© 2016 All Rights Reserved | Confidential



June 1, 2020

11819 N Armenia Avenue
Tampa, FL 33612

VIA EMAIL
*sean@washlava.com*

Dear Sean:

Under the terms of your employment, the Company pays you fixed salary wages of $16,667 per month (the "Base Compensation"). Under this agreement, you agree to defer Base Compensation for 90 days, on the following terms and conditions:

1.  With respect to any Base Compensation earned after the date you execute this letter agreement (as indicated below) through the Payment Date, you hereby irrevocably elect to defer payment of 100% of such Base Compensation until the Payment Date (the "Deferred Compensation"), as defined in paragraph 3 below. The Company will have no obligation to pay the Deferred Compensation to you until the Payment Date.

2.  The aggregate Deferred Compensation amount outstanding from time to time shall accrue simple interest at the rate of 10% per annum. The interest shall begin to accrue on the applicable Deferred Compensation amount commencing on the date the Base Compensation to which it relates is paid (or, since the Deferred Compensation is 100%, would have been paid).

3.  The Company will pay the aggregate Deferred Compensation, plus accrued and unpaid interest, to you on the earliest of (the "Payment Date"): (1) the date you cease to perform any services for the Company in any capacity for any reason, (2) the closing of the Company's first Series B preferred equity financing, (3) September 1, 2020, or (4) the date that the Company, in its sole discretion, elects to terminate this letter.

4.  The payment of the Deferred Compensation and interest thereon will be made on the Payment Date in cash, except that if the Payment Date is a Series B financing, the Company may, in its discretion, pay such amount (in whole or in part) by issuing Common Units of the Company to you (with the value thereof being determined by the Company based on the value assigned to the Company in the Series B financing).

5.  This letter records the final, complete, and exclusive understanding among the parties regarding the subject matter hereof.

11819 North Armenia Avenue | Tampa, FL 33612
**washlava.com**                                                                                      1

© 2016 All Rights Reserved | Confidential



Please confirm your agreement to the foregoing by signing this letter where indicated below.


Sincerely,

Washlava, Inc.

By:_____
Name: Todd Belveal_____
Title:___Chief Executive Officer_____


**Agreed to and accepted effective __July 25_____, 2020:**

_Sean Pomeroy_____
Print Name:___Sean Pomeroy_____

11819 North Armenia Avenue | Tampa, FL 33612
**washlava.com**                                                    2

EXHIBIT B TO COMPLAINT
© 2016 All Rights Reserved | Confidential